IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEVIN JEROME POWELL, | ) | No. C 13-1703 RMW (PR) |
| Petitioner, | ) ) | ORDER TO SHOW CAUSE |
| v. | ) ) | |
| G. SWARTHOUT, Warden, | ) ) | |
| Respondent. | ) ) | |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. The court orders respondent to show cause why a writ of habeas corpus should not be granted.

## BACKGROUND

According to the petition, petitioner was convicted in Santa Clara County Superior Court of charges of murder and related offenses. Petitioner unsuccessfully appealed his convictions to the California Court of Appeal and the California Supreme Court. Petitioner then filed unsuccessful state habeas petitions in all levels of the California courts.

## DISCUSSION

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in

1 violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.     Petitioner's Claims**

As grounds for federal habeas relief, petitioner alleges that: (1) the trial court erred in refusing to give lesser included instructions regarding Count 1; (2) the trial court erred in refusing to instruct the jury on heat of passion as to the victim, Christopher Herrador; (3) the trial court erred in refusing to admit evidence of Herrador's past assaultive behavior; and (4) the trial court erred in failing to adequately instruct the jury in failing to properly distinguish murder from manslaughter. Liberally construed, the court orders respondent to show cause why the petition should not be granted.

**CONCLUSION**

1.     The clerk shall serve by mail a copy of this order and the petition (docket no. 20) and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2.     Respondent shall file with the court and serve on petitioner, within **sixty days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of the date the answer is filed.

3.     Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section

Order to Show Cause
P:\PRO-SE\RMW\HC.13\Powell703osc.wpd        2

1 | 2254 Cases within **sixty days** of the date this order is filed. If respondent files such a motion,
2 | petitioner shall file with the court and serve on respondent an opposition or statement of non-
3 | opposition within **twenty-eight days** of the date the motion is filed, and respondent **shall** file
4 | with the court and serve on petitioner a reply within **fourteen days** of the date any opposition is
5 | filed.

6 |     4.    It is petitioner's responsibility to prosecute this case. Petitioner is reminded that
7 | all communications with the court must be served on respondent by mailing a true copy of the
8 | document to respondent's counsel. Petitioner must keep the court and all parties informed of any
9 | change of address by filing a separate paper captioned "Notice of Change of Address." He must
10 | comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal
11 | of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

12 |     IT IS SO ORDERED.
13 | DATED: ÏŒŠ

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

KEVIN JEROME POWELL,

        Plaintiff,

  v.

WARDEN G. SWARTHOUT et al,

        Defendant.

Case Number: CV13-01703 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 3, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kevin Jerome Powell G-29126
P.B.S.P.
B-3-210
PO Box 7500
Cresent City, CA 95532-7000

Dated: July 3, 2014

                                      Richard W. Wieking, Clerk
                                      By: Jackie Lynn Garcia, Deputy Clerk