*E-Filed 9/19/14*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN JEROME POWELL,<br><br>    Petitioner,<br><br>vs.<br><br>G. SWARTHOUT,<br><br>    Respondent. | No. C 13-1703 RMW (PR)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY<br><br>(Docket No. 26) |

Petitioner, a state prisoner proceeding pro se, filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence imposed by the Superior Court of Santa Clara County. The court issued an order to show cause. In lieu of an answer, respondent has filed a motion to dismiss the petition as untimely. Petitioner filed an opposition. Tespondent did not file a reply. For the reasons stated below, the court GRANTS respondent's motion to dismiss the petition as untimely.

**I.    BACKGROUND**

Petitioner was sentenced to a term of 56 years and eight months to life in state prison after being convicted of second degree murder, voluntary manslaughter, and possession of a firearm by a felon. (MTD at 1.) The California Court of Appeal affirmed (id. at 2; Pet., Att. E), and on March 30, 2011, the California Supreme Court denied review (MTD at 2; Pet., Att. D). Petitioner filed a state habeas petition in the Superior Court which was denied on March 21,

Order Granting Respondent's Motion to Dismiss; Denying Certificate of Appealability
P:\PRO-SE\RMW\HC.13\Powell703mtdtime.wpd

2012. (Pet. Att. A.) Petitioner then filed a state habeas petition in the California Court of Appeal which was denied on May 15, 2012. (Pet. Att. B.) Petitioner finally filed a state habeas petition in the California Supreme Court. The California Supreme Court denied the petition on January 3, 2013, with citations to In re Robbins, 18 Cal. 4th 770, 780 (1998); In re Waltreus, 62 Cal.2d 218, 225 (1965); and In re Dixon, 41 Cal.2d 756, 759 (1953). (Pet. Att. C.)

Petitioner filed the underlying amended petition on May 5, 2014. See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001) (pro se prisoner's federal habeas petition is deemed filed when prisoner delivers petition to prison authorities for mailing), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002).

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. 28 U.S.C. § 2244(d)(2).

"Direct review" includes the period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

Here, petitioner's conviction became final on June 28, 2011, ninety days after the California Supreme Court denied his petition for review. See id. Thus, pursuant to 28 U.S.C. § 2244(d)(1)(A), AEDPA's one-year limitation period began to run the following day, and expired one year later, on June 28, 2012. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Therefore, unless statutory or equitable tolling saves the petition, petitioner's federal petition is untimely.

The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Here, petitioner filed his first state habeas petition on or about January 21, 2012.[1] It was denied on March 21, 2012. Then, petitioner filed a petition in the California Court of Appeal, which was denied on May 15, 2012. The limitations period was tolled from January 21, 2012 through May 15, 2012. On January 21, 2012, 206 days of his limitations period had passed. Thus, petitioner had 159 days from May 15, 2012 left in his limitations period.

Although petitioner did file a petition in the California Supreme Court on October 26, 2012, that petition does not toll the statute of limitations. Petitioner's California Supreme Court petition was denied on January 3, 2013, with citations to In re Robbins, 18 Cal. 4th 770, 780 (1998); In re Waltreus, 62 Cal.2d 218, 225 (1965); and In re Dixon, 41 Cal.2d 756, 759 (1953). A California court's citation of In re Robbins, 18 Cal. 4th 770, 780 (1998), is a clear ruling that the petition was untimely. Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007) (denial of petition with citation to Robbins at page opinion discusses timeliness determinations was clear denial on timeliness grounds and therefore petition was neither "properly filed" nor "pending"). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for the purposes of § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) (citing Carey v. Saffold, 536 U.S. 214, 226 (2002)). "Because the state court rejected petitioner's

---

[1] Neither petitioner nor respondent definitively know when petitioner filed his state habeas petition in the Superior Court. However, both agree that, pursuant to Cal. Rules of Court, Rule 4.551(a)(3)(A), the earliest petitioner could have filed it was January 21, 2012.

1 [postconviction] petition as untimely, it was not 'properly filed,' and he is not entitled to

2 statutory tolling under §2244(d)(2)." Id. at 413. Thus, the time between petitioner's petition to

3 the California Supreme Court and its subsequent denial did not toll the limitations period.

4 Thus, adding 159 days to May 16, 2012, the date upon which the limitations period began

5 to run again, petitioner's new deadline was October 22, 2012.

6 Although the Supreme Court has determined that § 2244(d) is subject to equitable tolling

7 in appropriate cases, see Holland v. Florida, 560 U.S. 631, 645 (2010), petitioner has set forth no

8 argument showing "(1) that he has been pursuing his rights diligently, and (2) that some

9 extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at

10 649 (quoting Pace, 544 U.S. at 418) (internal quotation marks omitted). Thus, petitioner is not

11 entitled to equitable tolling.

12 Accordingly, petitioner's amended petition, filed May 5, 2014, is untimely.[2]

### III. CONCLUSION

Respondent's motion to dismiss the petition is GRANTED. The instant petition is DISMISSED. The clerk shall terminate all pending motions and close the file.

### IV. CERTIFICATE OF APPEALABILITY

For the reasons set out in the discussion above, petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

**IT IS SO ORDERED.**

DATED: ￼_____

_____
RONALD M. WHYTE
United States District Judge

---

[2] Petitioner appears to argue that rather than use the date his amended petition was filed, the court should use the date upon which this case was opened, which was April 16, 2013. (Opp. at 3.) On April 16, 2013, petitioner had initiated this action by filing a one-page motion to stay and hold the case in abeyance. Even assuming that this April 16, 2013, date is the applicable date to stop the clock from running, the AEDPA deadline of October 22, 2012, had already passed.

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

KEVIN JEROME POWELL,

        Plaintiff,

  v.

WARDEN G. SWARTHOUT et al,

        Defendant.

Case Number: CV13-01703 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 29, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kevin Jerome Powell G-29126
P.B.S.P.
B-3-210
PO Box 7500
Crescent City, CA 95532-7000

Dated: May 29, 2015

        Richard W. Wieking, Clerk
        By: Jackie Lynn Garcia, Deputy Clerk